# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIA KHAFRA, *et al.* | * | |
|    Plaintiffs, | * | |
| v. | * | Civil Action No. 8:17-cv-03100-PX |
| INTERNAL REVENUE SERVICE, *et al.*, | * | |
|    Defendants. | * | |

******

## MEMORANDUM OPINION

Plaintiffs Dia Khafra and Claudia Lystra Khafra, proceeding *pro se*, bring suit against the Internal Revenue Service ("IRS") and Appeals Team Manager Maureen A. Higgins. ECF No. 1. Now pending before the Court are Plaintiffs' Motion to Amend the Complaint and the United States' Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 7. The motions are fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the Court grants Plaintiffs' Motion to Amend the Complaint as well as the United States' Motion to Dismiss for lack of subject matter jurisdiction.

Plaintiffs allege that they are entitled to a refund of taxes paid on April 15, 2012, for the 2011 tax year because the IRS wrongfully denied their refund claim filed on April 16, 2015. ECF No. 1. The United States contends that the Court lacks jurisdiction under 28 U.S.C. § 1346(a)(1) to hear the claim because Plaintiffs filed their refund claim too late to recover for their 2011 taxes. ECF No. 7.[1] For the following reasons, the Court agrees with the United States.

---

[1] The United States also argues that dismissal is warranted because Plaintiffs sued the wrong party and because Plaintiffs failed to state a claim under the Taxpayer Bill of Rights. Plaintiff has sought to amend the Complaint to withdraw the Taxpayer Bill of Rights claim and substitute the United States as the proper party. The

**I.      Standard of Review**

Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the Court cannot ignore a *pro se* plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). A court, when reviewing *pro se* complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985).

Motions to dismiss for lack of subject matter jurisdiction challenge a court's authority to hear a matter. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the action for lack of subject matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799. In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). Where the defendant contends that the complaint

---

Court grants the Motion to Amend (ECF No. 11), thus leaving the sole remaining issue as whether the timing of the refund claim deprives this Court of jurisdiction. Plaintiffs failed to attach to their Motion to Amend the Complaint a new and redline version of the proposed Amended Complaint. Accordingly, the Court refers to the "Amended Complaint" as ECF Nos. 1 and 11 to reflect that the Court adopts the amendments to ECF No. 1 as proposed in ECF No. 11.

"simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## II. Analysis

For tax matters generally, 28 U.S.C. § 1346(a)(1) confers original jurisdiction on federal district courts, "concurrent with the United States Court of Federal Claims," for "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." However, a refund suit[2] may not be filed "until a claim for refund or credit has been duly filed" with the IRS. 26 U.S.C. § 7422(a).[3] For a refund claim to be duly filed, it must comply with the timing provisions of § 6511(a) and (b). *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 8 (2008); *Webb v. United States*, 66 F.3d 691, 693 (4th Cir. 1995).

Section 6511(a) provides that where the taxpayer seeks "credit or refund of an overpayment of any tax imposed," the claim "shall be filed by the taxpayer within 3 years from the time the return was filed." *Id.* Here, Plaintiffs mailed their joint tax return on April 16, 2015. ECF No. 7-1 at 5. Importantly, the Code of Federal Regulations provides that a properly executed individual tax return shall also be construed as a claim for a refund when the return discloses an overpayment. 26 C.F.R. § 301.6402-3(a)(5). Plaintiffs' tax return thus also constituted a refund claim. As the United States acknowledges, the simultaneous filing of Plaintiffs' return and refund claim meets the timing requirements of § 6511(a). *See* ECF No. 7-1 at 5.

Section 6511(b) limits the amount that a claimant can recover as follows:

---

[2] A "refund claim" refers to an administrative refund claim filed with the IRS, and a "refund suit" refers to a cause of action filed in federal court against the United States of America.

[3] The refund suit must also be filed within a certain time after the filing of the refund claim with the IRS. *See* 26 U.S.C. § 6532(a). The United States does not dispute that Plaintiffs complied with § 6532(a).

> [i]f the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, *equal to 3 years plus the period of any extension of time for filing the return*.

26 U.S.C. § 6511(b)(2)(A) (emphasis added). For purposes of § 6511, when taxes are deducted and withheld during the calendar year, the taxes are deemed paid on April 15 of the following year. 26 U.S.C. § 6513(b)(1); Rev. Ruling 2003-1 C.B. 814.

The United States contends that this Court lacks jurisdiction because Plaintiffs filed their refund claim more than three years after paying the taxes in question. ECF No. 7-1 at 6. Plaintiffs' 2011 taxes were deemed paid on April 15, 2012, and the return was not mailed until April 16, 2015.[4] *Id.* Thus, the United States contends that the taxes were paid one day outside the look-back period provided under § 6511(b), barring Plaintiffs' recovery.

Plaintiffs respond that the look-back period was augmented by an "extension of time for filing the return." *See* § 6511(b)(2)(A). Plaintiffs more specifically contend that because the initial due date for filing the return, April 15, 2012, was a Sunday, and April 16, 2012, was a legal holiday, the return was in fact due on April 17, 2012. Thus, say Plaintiffs, by virtue of that extension, the correctly calculated look-back period is between April 16, 2015 and April 15, 2012. ECF No. 11 at 5. This enlarged look-back period includes the period in which the taxes in question were paid, and so jurisdiction over the refund suit involving those taxes is proper.

In support, Plaintiffs point to 26 U.S.C. § 7503, which provides:

> When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.

---

[4] The parties dispute whether the date that the refund claim is filed is the date that Plaintiffs mailed the claim (April 16, 2015) or the date that the IRS received the claim (April 20, 2015). However, neither date permits Plaintiffs to recover. As such, the Court need not decide on which date the claim was filed.

26 U.S.C. § 7503.

Plaintiffs do not offer any legal support for the proposition that § 7503's extension provision applies in this case. The plain language of § 7503 extends the time to file the tax return to the "next succeeding day" where the act in question—filing the return—is actually performed. *Id.* ("[T]he performance of such act shall be considered timely if *it is performed* on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.") (emphasis added). To apply § 7503 to acts *not* performed on the next succeeding day would contravene the plain language of this provision. Here, Plaintiffs did not file their 2012 return until April 16, 2015, years beyond the next succeeding of April 17, 2012. Thus, the Court cannot extend the look-back period as Plaintiffs suggest.

The Court and the parties have only unearthed one case that squarely decides whether § 7503 applies in this context. *Weisbart v. I.R.S*, No. 02 CV 3821(SJ), 2004 WL 528442 (E.D.N.Y. 2004). *But see Katz v. United States*, No. 04-1790T, 2006 WL 2418837, at *2 (Fed. Cl. July 25, 2006) (noting in dicta, and with no explanation, that § 7503 would extend the look-back period under § 6511(b)). In *Weisbart*, the tax return filing deadline fell on a Sunday. 2004 WL 528442, at *1. Although plaintiff had mailed the refund claim three years and one day after the Sunday due date for filing the return, he argued that § 7503 created a one-day extension of the look-back period. *Id.* Based on the plain language of § 7503 and an IRS Revenue Ruling, 2003-1 C.B. 814, the court refused to apply § 7503 to extend the look-back period, and held that the plaintiff was barred from recovery. *Id.* at *3.

The Revenue Ruling similarly interprets § 7503. *See* Rev. Ruling 2003-1 C.B. 814. The IRS determined that "Section 7503 provides an extension of time to file a return, within the meaning of section 6511(b)(2)(A), only when the due date . . . for filing a return falls on a

Saturday, Sunday, or legal holiday and the taxpayer *actually files a return* on the next succeeding day that is not a Saturday, Sunday, or legal holiday." *Id.* This interpretation makes good sense in that taxpayers who fail to file returns on the next succeeding day do not "get to enjoy the benefits of the extension" provided in § 7503. *See Weisbart*, 2004 WL 528442, at *2.[5]

Because Plaintiffs did not actually file the return on the next succeeding day (but instead several years later), § 7503 is inapplicable. Accordingly, no extension of time altered the look-back period under § 6511(b); Plaintiffs can only recover for taxes paid within three years preceding their refund claim. Plaintiffs mailed their refund claim more than three years after their 2011 taxes were paid. Pursuant to § 6511(b), Plaintiffs' failure to pay their taxes within the three-year timeframe deprives this Court of jurisdiction to hear the case. *C.I.R. v. Lundy*, 516 U.S. 235, 245 (1996) (holding that look-back period in § 6511(b) is jurisdictional). The suit must be dismissed.

### III. Conclusion

Based on the foregoing, the United States' motion to dismiss is GRANTED. A Separate order follows.

| | |
|---|---|
| 11/6/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[5] Although reasonable agency interpretations merit judicial deference, "Revenue Rulings receive 'considerably less deference' than 'properly promulgated regulations.'" *Ocean Pines Ass'n, Inc. v. C.I.R.*, 672 F.3d 284, 289 n.2 (4th Cir. 2012) (quoting *Dominion Res., Inc. v. United States*, 219 F.3d 359, 366 (4th Cir. 2000)); *see also United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220 (2001). While the Court finds the Revenue Ruling instructive, the Court notes that the same conclusion is independently supported by the plain language of the statute.